14-3155-cv
US Bank N.A. v. NNN Realty Advisors, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand fifteen.

PRESENT:  RALPH K. WINTER,
                   PIERRE N. LEVAL,
                   REENA RAGGI,
                              *Circuit Judges.*

---

US BANK NATIONAL ASSOCIATION, in its capacity as trustee for the registered holders of LB-UBS COMMERCIAL MORTGAGE TRUST 2007-C2, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C2, acting by and through its Special Servicer, ORIX CAPITAL MARKETS, LLC, under the Pooling and Service Agreement dated as of April 11, 2007,

                              *Plaintiff-Appellee*,

                   v.                                                     No. 14-3155-cv

NNN REALTY ADVISORS, INC.,
                              *Defendant-Appellant,*

NNN 200 GALLERIA, LLC,
                              *Defendant*.

---

1

FOR APPELLANT:                     Sameer Rastogi, Sichenzia Ross Friedman
                                   Ference LLP, New York, New York.

FOR APPELLEE:                      Keith M. Brandofino, Stefanie Kennedy,
                                   Kilpatrick Townsend & Stockton LLP, New
                                   York, New York.

Appeal from a judgment of the United States District Court for the Southern

District of New York (Alvin K. Hellerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment entered on July 21, 2014, is AFFIRMED.

Defendant NNN Realty Advisors, Inc. ("NNN Realty") appeals from an award of

summary judgment in favor of plaintiff US Bank National Association ("US Bank") on

its breach-of-contract claim.   The district court concluded, as a matter of law, that NNN

200 Galleria, LLC ("NNN 200") had defaulted on its loan agreement with US Bank's

predecessor-in-interest by "permit[ting] a Sale or Pledge of an interest in [a] Restricted

Party . . . without . . . prior written consent," App. 117, thereby triggering recourse

liability against both NNN 200 and NNN Realty.   The district court entered judgment

for US Bank in the amount of $21,821,050.23, with liability capped at $10 million as

against NNN Realty.

We review an award of summary judgment <u>de novo</u>, and we will affirm only if the

record, viewed in the light most favorable to the nonmoving party, reveals no genuine

issue of material fact.   <u>See</u> Fed. R. Civ. P. 56(a); <u>Zann Kwan v. Andalex Grp. LLC</u>, 737

F.3d 834, 842–43 (2d Cir. 2013).   We assume the parties' familiarity with the facts and

2

record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Breach of Contract

NNN Realty argues that the district court erred in concluding, as a matter of law, that (1) NNN Realty's merger with Grubb and Ellis, Co. ("Grubb Ellis") involved the "Sale or Pledge" of an interest in a "Restricted Party," within the meaning of the loan agreement between NNN 200 and US Bank's predecessor-in-interest; and (2) NNN 200 "permit[ted] a Sale or Pledge of an interest in [a] Restricted Party . . . without . . . prior written consent."   App. 117.   We are not persuaded.

First, NNN Realty does not dispute that it was a "Restricted Party" under the loan agreement.   Nor does it dispute that the net result of its merger agreement with Grubb Ellis was a "newly formed company," 59% of which was controlled by NNN Realty and 41% of which was controlled by Grubb Ellis.   App. 985.   Thus, as the district court correctly recognized, even if the merger resulted in NNN Realty emerging as the predominant force in the new entity, the transaction was transformative of the merger partners and, thus, properly viewed as a sale or pledge, directly or indirectly, of their own interests to the new company.   Accordingly, the district court correctly concluded that this merger of a Restricted Party was a transaction requiring written consent under the loan agreement.

Second, NNN Realty does not dispute that NNN 200 never obtained the lender's written consent to the aforesaid merger.   Instead, NNN Realty argues that because NNN

3

200 was its subsidiary—not vice versa, as the district court mistakenly thought—NNN 200 lacked authority to prevent such a sale. The argument is unconvincing because the exact relationship between NNN 200 and NNN Realty is irrelevant here. There is no doubt that NNN Realty was a "Restricted Party" under the loan agreement. See App. 71 (identifying both members and owners of NNN 200 as Restricted Parties); see also Special App. 7 ("[NNN Realty] is the sole member of NNN Realty Investors, LLC which is in turn the sole member of NNN 200."); App. 962 (same). And, under the loan agreement, NNN 200 was obligated not to permit the transfer of "an interest in any Restricted Party . . . without . . . the prior written consent of Lender . . . ." App. 117 (emphasis added). Thus, the loan agreement cannot be construed, as NNN Realty urges, to obligate NNN 200 to secure written consents only of transfers of interests in Restricted Parties that are its subsidiaries. See Galli v. Metz, 973 F.2d 145, 149 (2d Cir. 1992) ("[A]n interpretation that gives a reasonable and effective meaning to all terms of a contract is generally preferred to one that leaves a part unreasonable or of no effect." (internal quotation marks omitted)); accord LaSalle Bank N.A. v. Nomura Asset Capital Corp., 424 F.3d 195, 206 (2d Cir. 2005). NNN 200 was equally obliged to obtain written consent for transfers of interests in Restricted Parties that were, directly or indirectly, its beneficial owners. Accordingly, the district court correctly concluded that NNN 200 breached the loan agreement when it permitted Restricted Party and guarantor NNN Realty to merge its interests into a new entity—even one where it exercised majority control—without prior written consent of the Lender.

4

2.  Discovery

NNN Realty argues that the district court erred in awarding summary judgment to plaintiff without permitting discovery.   See, e.g., Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) (observing that nonmoving party must have "opportunity to discover information that is essential to his opposition" to summary judgment motion (internal quotation marks and citations omitted)).   But neither NNN Realty nor NNN 200 provided an affidavit describing the discovery sought or their efforts to obtain it.   See Fed. R. Civ. P. 56(d); Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303 (2d Cir. 2003) (detailing required showing when summary judgment resisted on ground that opposing party needs discovery).   To the extent NNN Realty argues that discovery should have been allowed as to its ownership and merger, the argument rings hollow, given that it presumably possesses information relevant to both issues and, in any event, has made no showing that US Bank had any relevant information on these issues. Accordingly, we identify no error in the district court's decision to award summary judgment without permitting discovery.

3.  Conclusion

We have considered NNN Realty's remaining arguments, and we conclude that they are without merit.   Accordingly, the judgment of district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5